IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL HERRERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. B-03-019 |
| v. | ) | |
| | ) | |
| CACTUS DRILLING COMPANY | ) | |
| and UNIT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

United States District Court
Southern District of Texas
FILED

MAY 1 9 2003

Michael N. Milby
Clerk of Court

JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

    Answer:   Rule 26(f) conference was held by telephone between Barry Benton, Plaintiff's counsel and Deirdre Dexter, Defendants' counsel.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    Answer:   None.

3. Specify the allegation of federal jurisdiction.

    Answer:   28 U.S.C. §1332; diversity of citizenship with claim for more than $75,000.00.

4. Name the parties who disagree and the reasons.

    Answer:   None.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    Answer:   None.

6. List anticipated interventions.

   Answer: None.

7. Describe class-action issues.

   Answer: None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Answer: The parties have agreed to exchange initial disclosures on or before May 23, 2003.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   Answer: Rule 26(f)(1): Initial disclosures will be made by mail no later than May 23, 2003.
   Rule 26(f)(2): The parties agree that discovery will be needed on issues relating to liability and damages and discovery should be completed by November 14, 2003. The parties further agree that there is no reason to conduct discovery in phases or to limit or focus discovery upon a particular issue.
   Rule 26(f)(3): None.
   Rule 26(f)(4): The parties will submit a proposed Scheduling Order to the Court at the Initial Pretrial Conference. There are no other orders that should be entered under Rule 26(c) or Rule 16(b) at this time.

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   Answer: Plaintiff intends to send Defendants written discovery by May 5, 2003.

   C. When and to whom the defendant anticipates it may send interrogatories.

   Answer: Defendants have previously served written discovery on Plaintiff.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   Answer: Plaintiff anticipates taking depositions of Plaintiffs' immediate supervisors during the time he was employed by Defendant Cactus, co-workers who have knowledge of the facts and circumstances surrounding Plaintiff's claims and the person(s) with responsibility for personnel decisions involving Plaintiff.

E. Of whom and by when the defendant anticipates taking oral depositions.

Answer: Defendants anticipate taking Plaintiff's deposition as well as the depositions of individuals identified in Plaintiff's initial disclosures as having knowledge of the facts and circumstances surrounding Plaintiff's claims.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Answer: The parties have proposed a Scheduling Order under which Plaintiff will designate his expert and provide the reports required by Rule 26(a)(2)(B) on or before September 15, 2003, and Defendants will designate their experts and provide the reports required by Rule 26(a)(2)(B) on or before October 15, 2003.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

Answer: The parties have proposed a Scheduling Order under which discovery, including any expert depositions will be completed on or before November 14, 2003.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

Answer: The parties have proposed a Scheduling Order under which discovery, including any expert depositions, will be completed on or before November 14, 2003.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Answer: Not applicable.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    Answer: The parties have served written discovery.

12. State the date the planned discovery can reasonably be completed.

    Answer: The parties have proposed a Scheduling Order under which discovery will be completed on or before November 14, 2003.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Answer: The parties have agreed to openly participate in the discovery process and to realistically evaluate their respective positions to see whether an amicable resolution of this case can be reached.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Answer: The parties have had a frank discussion regarding the issues in this case.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Answer: The parties have discussed the possibility of mediation, but have deferred any decision until after initial disclosures and discovery have been completed.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Answer: The parties have been unable to reach agreement concerning trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    Answer: In Plaintiff's Petition filed in Cause No. 2002-12-5058-A in the District Court for the 107th Judicial District in Cameron County, Texas, Plaintiff's prayer for relief requests that "after final trial by jury" the court order judgment in favor of Plaintiff.

18. Specify the number of hours it will take to present the evidence in this case.

    Answer: The parties estimate that it will take 40 hours to present the evidence in this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Answer: None.

20. List other motions pending.

    Answer: None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special

attention of the court at the conference.

Answer: None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

*[signature: Barry R. Benton]*

Barry R. Benton
284 Ebony Avenue
Brownsville, Texas 78520
Telephone (956) 546-9900
Facsimile (956) 546-9997
Texas Bar No. 02176500
Attorney in Charge
Counsel for Plaintiff Paul N. Herrera

Date 5/19/03

*[signature: Deirdre O. Dexter]*

Deirdre O. Dexter
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103
Telephone (918) 583-9922
Facsimile (918) 583-8251
Oklahoma Bar No. 10780
Attorney in Charge

Frederic Dorwart
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103
Telephone (918) 583-9922
Facsimile (918) 583-8251
Oklahoma Bar No. 2436

Michael Medina
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103
Telephone (918) 583-9922
Facsimile (918) 583-8251
Oklahoma Bar No. 6113

Tom M. Kirkendall
65 Hollymead Drive
The Woodlands, Texas
Telephone (281) 364-9946
Facsimile (888) 582-0646
Texas Bar No. 11517300
S.D. Texas Bar No. 02287

Counsel for Defendants Cactus Drilling Company
and Unit Corporation

Date May 13, 2003



# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | |
|---|---|
| PAUL N. HERRERA | * |
| | * |
| VS. | *   CIVIL ACTION NO. B-03-019 |
| | * |
| CACTUS DRILLING COMPANY and | * |
| UNIT CORPORATION | * |

## SCHEDULING ORDER

1. Trial: Estimated to try: <u>5 days</u>                    <u>X</u> Jury

2. New parties must be joined by:                    <u>June 9, 2003</u>

3. The plaintiff's experts will be named with
   a report furnished by:                            <u>September 15, 2003</u>

4. The defendant's experts must be named
   with a report furnished within 30 days of
   the deposition of the plaintiff's expert.        <u>October 15, 2003</u>

5. Discovery must be completed by:                  <u>November 14, 2003</u>
   *Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the Court. No continuances will be granted because of information acquired in post-deadline discovery.*

6. Dispositive Motions will be filed by:            <u>December 1, 2003</u>

7. Joint pretrial order is due:                     <u>December 15, 2003</u>
   The Plaintiff is responsible for filing the pretrial order.

8. Docket call and final pretrial conference
   before Judge Tagle is set for 1:30 p.m. on:      <u>January 2, 2004</u>

9. Jury selection before Judge Tagle is set
   for 9:00 a.m. on:                                <u>January 5, 2004</u>
   The case will remain on standby until tried.

Signed _____, 2003, at Brownsville, Texas.

_____
Presiding Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| PAUL HERRERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. B-03-019 |
| v. | ) | |
| | ) | |
| CACTUS DRILLING COMPANY | ) | |
| and UNIT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

United States District Court
Southern District of Texas
FILED

MAY 1 9 2003

Michael N. Milby
Clerk of Court

### JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE

Please restate the instruction before furnishing the information.

1. State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

    Answer:   Rule 26(f) conference was held by telephone between Barry Benton, Plaintiff's counsel and Deirdre Dexter, Defendants' counsel.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    Answer:   None.

3. Specify the allegation of federal jurisdiction.

    Answer:   28 U.S.C. §1332; diversity of citizenship with claim for more than $75,000.00.

4. Name the parties who disagree and the reasons.

    Answer:   None.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    Answer:   None.

6. List anticipated interventions.

   Answer: None.

7. Describe class-action issues.

   Answer: None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Answer: The parties have agreed to exchange initial disclosures on or before May 23, 2003.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

   Answer: Rule 26(f)(1): Initial disclosures will be made by mail no later than May 23, 2003.
   Rule 26(f)(2): The parties agree that discovery will be needed on issues relating to liability and damages and discovery should be completed by November 14, 2003. The parties further agree that there is no reason to conduct discovery in phases or to limit or focus discovery upon a particular issue.
   Rule 26(f)(3): None.
   Rule 26(f)(4): The parties will submit a proposed Scheduling Order to the Court at the Initial Pretrial Conference. There are no other orders that should be entered under Rule 26(c) or Rule 16(b) at this time.

   B. When and to whom the plaintiff anticipates it may send interrogatories.

   Answer: Plaintiff intends to send Defendants written discovery by May 5, 2003.

   C. When and to whom the defendant anticipates it may send interrogatories.

   Answer: Defendants have previously served written discovery on Plaintiff.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   Answer: Plaintiff anticipates taking depositions of Plaintiffs' immediate supervisors during the time he was employed by Defendant Cactus, co-workers who have knowledge of the facts and circumstances surrounding Plaintiff's claims and the person(s) with responsibility for personnel decisions involving Plaintiff.

E. Of whom and by when the defendant anticipates taking oral depositions.

Answer: Defendants anticipate taking Plaintiff's deposition as well as the depositions of individuals identified in Plaintiff's initial disclosures as having knowledge of the facts and circumstances surrounding Plaintiff's claims.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.

Answer: The parties have proposed a Scheduling Order under which Plaintiff will designate his expert and provide the reports required by Rule 26(a)(2)(B) on or before September 15, 2003, and Defendants will designate their experts and provide the reports required by Rule 26(a)(2)(B) on or before October 15, 2003.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

Answer: The parties have proposed a Scheduling Order under which discovery, including any expert depositions will be completed on or before November 14, 2003.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Rule 26(a)(2)(B) (expert report).

Answer: The parties have proposed a Scheduling Order under which discovery, including any expert depositions, will be completed on or before November 14, 2003.

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    Answer: Not applicable.

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

    Answer: The parties have served written discovery.

12. State the date the planned discovery can reasonably be completed.

    Answer: The parties have proposed a Scheduling Order under which discovery will be completed on or before November 14, 2003.

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Answer: The parties have agreed to openly participate in the discovery process and to realistically evaluate their respective positions to see whether an amicable resolution of this case can be reached.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Answer: The parties have had a frank discussion regarding the issues in this case.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Answer: The parties have discussed the possibility of mediation, but have deferred any decision until after initial disclosures and discovery have been completed.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Answer: The parties have been unable to reach agreement concerning trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

    Answer: In Plaintiff's Petition filed in Cause No. 2002-12-5058-A in the District Court for the 107th Judicial District in Cameron County, Texas, Plaintiff's prayer for relief requests that "after final trial by jury" the court order judgment in favor of Plaintiff.

18. Specify the number of hours it will take to present the evidence in this case.

    Answer: The parties estimate that it will take 40 hours to present the evidence in this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Answer: None.

20. List other motions pending.

    Answer: None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special

attention of the court at the conference.

Answer: None.

22. List the names, bar numbers, addresses and telephone numbers of all counsel.

*[signature: Barry R. Benton]*

Barry R. Benton
284 Ebony Avenue
Brownsville, Texas 78520
Telephone (956) 546-9900
Facsimile (956) 546-9997
Texas Bar No. 02176500
Attorney in Charge
Counsel for Plaintiff Paul N. Herrera

Date 5/19/03

*[signature: Deirdre O. Dexter]*

Deirdre O. Dexter
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103
Telephone (918) 583-9922
Facsimile (918) 583-8251
Oklahoma Bar No. 10780
Attorney in Charge

Michael Medina
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103
Telephone (918) 583-9922
Facsimile (918) 583-8251
Oklahoma Bar No. 6113

Frederic Dorwart
Old City Hall
124 East Fourth Street
Tulsa, Oklahoma 74103
Telephone (918) 583-9922
Facsimile (918) 583-8251
Oklahoma Bar No. 2436

Tom M. Kirkendall
65 Hollymead Drive
The Woodlands, Texas
Telephone (281) 364-9946
Facsimile (888) 582-0646
Texas Bar No. 11517300
S.D. Texas Bar No. 02287

Counsel for Defendants Cactus Drilling Company and Unit Corporation

Date May 13, 2003

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| PAUL N. HERRERA | * | |
| | * | |
| VS. | * | CIVIL ACTION NO. B-03-019 |
| | * | |
| CACTUS DRILLING COMPANY and | * | |
| UNIT CORPORATION | * | |

## **SCHEDULING ORDER**

1. Trial: Estimated to try: <u>5 days</u>          <u>X</u> Jury

2. New parties must be joined by:          <u>June 9, 2003</u>

3. The plaintiff's experts will be named with
   a report furnished by:          <u>September 15, 2003</u>

4. The defendant's experts must be named
   with a report furnished within 30 days of
   the deposition of the plaintiff's expert.          <u>October 15, 2003</u>

5. Discovery must be completed by:          <u>November 14, 2003</u>
   *Counsel may agree to continue discovery beyond the deadline, but there will be no intervention by the Court. No continuances will be granted because of information acquired in post-deadline discovery.*

6. Dispositive Motions will be filed by:          <u>December 1, 2003</u>

7. Joint pretrial order is due:          <u>December 15, 2003</u>
   The Plaintiff is responsible for filing the pretrial order.

8. Docket call and final pretrial conference
   before Judge Tagle is set for 1:30 p.m. on:          <u>January 2, 2004</u>

9. Jury selection before Judge Tagle is set
   for 9:00 a.m. on:          <u>January 5, 2004</u>
   The case will remain on standby until tried.

Signed _____, 2003, at Brownsville, Texas.

_____
Presiding Judge