21

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 1 6 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| PAUL HERRERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. B-03-019 |
| v. | ) | |
| | ) | |
| CACTUS DRILLING COMPANY | ) | |
| and UNIT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

<u>AGREED PROTECTIVE ORDER</u>

It appearing to the satisfaction of the Court, as evidenced by the signatures of counsel

below, that the parties have agreed to the entry of an Order to protect confidential information

relating to current and former employees of the corporate defendants which may be disclosed in

the course of this action, and for good cause shown,

It is hereby ORDERED that:

1.      All documentary information produced or exchanged in the course of pretrial

discovery in this litigation that contains matters relating to former employees' personal

information, such as residence addresses or telephone numbers, social security numbers, race,

etc., or current employees' personal information, such as residence addresses or telephone

numbers, social security numbers, race, etc., shall be deemed "confidential information." In

addition, all documentary information produced or exchanged in the course of pretrial discovery

in this litigation relating to a current or former employee's employment, including but not limited

to, personnel files, performance evaluations and the like, shall be deemed "confidential

information." The phrase "confidential information" does not include the business address and

telephone number of current employees of the corporate defendants.

2.    Plaintiff and his counsel agree that any confidential information provided will be used only for purposes of this litigation and will not be revealed to any other person or entity for any purpose. Plaintiff and his counsel further agree that the information will not be used to harass, intimidate, annoy or embarrass either current or former employees of the corporate defendants.

3.    In the event that confidential information covered by this Protective Order will be used during pretrial proceedings or at the trial of this cause, any person who shall receive or have access to the confidential information shall be advised of the confidential nature of the information. All persons to whom confidential information covered by this Protective Order is disclosed are hereby enjoined from using, disseminating and/or disclosing such information except in connection with and for the purposes of this litigation. In addition, no person shall receive or have access to the confidential information until he/she has been given a copy of this Protective Order and has first signed a document in the form of Exhibit "A" attached hereto and provided the document to the attorneys of record for the party making the confidential information available to such person; those attorneys shall retain all such documents until further Order of this Court.

4.    The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to the protect the rights of the affected employee(s) and/or former employee(s) with respect to the confidential information covered by this Protective Order.

5.    If Plaintiff or his counsel disclose confidential information covered by this Protective Order to any person other than in the manner authorized by this Order, Plaintiff's

2

counsel must immediately bring all pertinent facts relating to such disclosure to the attention of

Defendants' counsel and, without prejudice to Defendants' other rights and remedies, make every

effort to prevent further disclosure, including any disclosure by the person who was the recipient

of such information.

6.      Nothing set forth herein prohibits the use at trial of any information designated

herein as "confidential information," subject to the Court's ruling on motions in limine.

7      This Protective Order shall remain binding after the conclusion of this litigation

unless ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby

for purposes of this Order.

8      Upon the written request of the corporate defendants or their counsel, after the

final termination of this litigation, all confidential information covered by this Protective Order

shall be returned immediately to the corporate defendants or their counsel.

9.      The parties agree that the purpose of this Protective Order is to guard against

disclosure of personal and/or confidential information about current and former employees,

which would include their residence address, telephone number, social security numbers, race,

etc., and information contained in personnel files and to protect the privacy interests of such

current and former employees.

IT IS SO ORDERED this 15 day of _____, 2003

_____
The Honorable Hilda G. Tagle
United States District Judge

3

AGREED and STIPULATED to by the parties:

Barry R. Benton
284 Ebony Avenue
Brownsville, Texas 78520
Telephone (956) 546-9900
Facsimile (956) 546-9997
Texas Bar No. 02176500
Attorney in Charge
Counsel for Plaintiff Paul N. Herrera

Deirdre O. Dexter, Attorney in Charge
Oklahoma Bar Association No. 10780
Frederic Dorwart, Associated Counsel
Oklahoma Bar Association No. 2436
J. Michael Medina, Associated Counsel
Oklahoma Bar Association No. 6113
124 East Fourth Street
Tulsa, Oklahoma 74103
Telephone (918) 583-9922
Facsimile (918) 584-2729


Tom M. Kirkendall
65 Hollymead Drive
The Woodlands, Texas
Telephone (281) 364-9946
Facsimile (888) 582-0646
Texas Bar No. 11517300
S.D. Texas Bar No. 02287

4