28

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN - 7 2004

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| PAUL HERRERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No. B-03-019 |
| v. | ) | Judge Tagle |
| | ) | |
| CACTUS DRILLING COMPANY | ) | |
| and UNIT CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY BRIEF**

TABLE OF CONTENTS

Restated Undisputed Facts . . . . . . . . . . . . . . . . . 2

Argument   . . . . . . . . . . . . . . . . . . . . . . . 3

    Summary of Argument   . . . . . . . . . . . . . . . . 3

    1.   The welding claim . . . . . . . . . . . . . . . 4

    2.   Hostile work environment   . . . . . . . . . . . 4

    3.   Retaliation . . . . . . . . . . . . . . . . . . 6

    4.   Constructive discharge   . . . . . . . . . . . . 6

Conclusion   . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES

### FEDERAL CASES

Beck v. Texas State Bd. of Dental Examiners,
    204 F.3d 629 5th Cir. 2000) . . . . . . . . . . . . . . 1

Burditt v. West American Ins. Co., 86 F.3d 475
    (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . . 1

Combs v. Sears, Roebuck & Co., 1993 Westlaw 441113
    (N.D. Tex.) . . . . . . . . . . . . . . . . . . . . . 1

Deal v. State Farm County Mut. Ins. Co. of Texas,
    5 F.3d 117 (5th Cir. 1993) . . . . . . . . . . . . . . 2

Dornhecker v. Malibu Grand Prix Corp., 828 F.2d 307
    (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . 7

Faragher v. Boca Raton, 524 U.S. 775, 118 S.
    Ct. 2275 (1998) . . . . . . . . . . . . . . . . . . . . 6

Fontenot v. Upjohn Co., 780 F.2d 1190
    (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . 4

Grimes v. Texas Dept. of Mental Health and Mental
    Retardation, 102 F.3d 137 (5th Cir. 1996) . . . . . . . 1

Gross v. Burggraf Construction Co., 53 F.3d 1531
    (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . 5

Junior v. Texaco, Inc., 688 F.2d 377 (6th Cir. 1982) . . . . 8

Magnuson v. Peak Technical Services, Inc.,
    803 F. Supp. 500 (E.D. Va. 1992) . . . . . . . . . . . 2

Moore v. N & W Ry. Co., 55 FEP 226, 230-1
    (D. Kan. 1990) . . . . . . . . . . . . . . . . . . . . 5

Oncale v. Sundowner Offshore Services, Inc.,
    523 U.S. 75, 118 S. Ct. 998 (1998) . . . . . . . . . . 5

Pan Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539
    (5th Cir. 1980), cert. denied, 454 U.S. 927,
    102 S. Ct. 427 . . . . . . . . . . . . . . . . . . . . 3

Pittman v. Hattiesburg Municipal Separate School
    District, 644 F.2d 1071 (5th Cir. 1981) . . . . . . . . 7

<u>Polly & Houston Lighting & Power Co.</u>, 825 F. Supp. 135
    (S.D. Tex. 1993) . . . . . . . . . . . . . . . . . . . 5

<u>Redd v. Fisher Controls</u>, 814 F. Supp. 547
    (W.D. Tex. 1992), <u>aff'd</u>, 35 F.3d 561 (5th Cir. 1994) . 3

<u>Shepherd v. Comptroller</u>, 168 F.3d 871 (5th Cir. 1999) . . . 6

<u>Thornton v. Neiman Marcus</u>, 850 F. Supp. 538
    (N.D. Tex. 1994) . . . . . . . . . . . . . . . . . . . 4

<u>Villarruel v. Gary Community School Corp.</u>,
    28 Fed. Appx. 564 (7th Cir. 2002) . . . . . . . . . . 5

<u>Webb v. Cardiothoracic Surgery Associates
    of North Texas, N.A.</u>, 139 F.3d 532
    (5th Cir. 1998) . . . . . . . . . . . . . . . . . . 7, 8

This reply brief is filed in further support of Cactus Drilling Company's motion for summary judgment ("the Motion") and in response to the opposition brief ("opposition brief") filed by plaintiff Herrera. Cactus seeks to have all of plaintiff's claims (except the failure to promote to toolpusher claim) disposed of as a matter of law as being without factual or legal support. Herrera's opposition brief is remarkable in (i) its paucity of legal authority and discussion,[1] and (ii) its failure to specifically controvert Cactus' undisputed facts.[2] What emerges from a careful reading of the papers is that the essential facts meriting summary judgment in favor of Cactus are undisputed. Therefore, this Court should grant Cactus summary judgment on all of Herrera's claims save the failure to promote claim.

---

[1]Even the few cases cited in the opposition brief do not help Herrera. Burditt v. West American Ins. Co., 86 F.3d 475, 476 (5th Cir. 1996), cited at p. 11, does not state that all doubts are resolved in favor of the non-movant; rather, the non-movant is entitled to the benefit of all reasonable inferences. See, Beck v. Texas State Bd. of Dental Examiners, 204 F.3d 629, 633 (5th Cir. 2000)("this showing requires more than some metaphysical doubt as to the material facts."). Another case cited at p. 11, Grimes v. Texas Dept. of Mental Health and Mental Retardation, 102 F.3d 137, 140 (5th Cir. 1996), limits the inference of intentional discrimination to instances where the defendant has not met his minimal burden of production. Where, as in this case, this burden has been met, the inference disappears.

[2]See, Combs v. Sears, Roebuck & Co., 1993 Westlaw 441113 (N.D. Tex.) (Exh. 1 in Defendants' Reply Appendix (commenting on non-movant's failure to set forth specific facts showing a genuine factual issue for trial).

## RESTATED UNDISPUTED FACTS

Because Herrera chose not to specifically address any of Cactus' factual statements, one must parse the rambling narrative set forth in the opposition brief to ascertain the state of the record. The following critical facts are uncontradicted:

1.   Herrera was the subject of isolated and sporadic incidents, only two of which specifically referenced his American Indian heritage. Opposition brief, at pp. 5-7.[3]

2.   Each of these incidents was sporadic. Two ceased upon (i) a complaint being made by Herrera [the Hall brothers][4] or (ii) restraint by Herrera [the co-worker threat

---

[3]Herrera notes that "Company Man" Leek made comments and was mad about Herrera's filing of the EEOC charge. See, Opposition brief, at pp. 6, 7. However, as Herrera admits, Mr. Leek was not employed by Cactus. Herrera Deposition, p. 72 [line 18] to p. 73 [line 1], attached as exhibit 2 in Defendants' Reply Appendix. Thus, Leek was not an agent of Cactus for purposes of Title VII, and thus, by analogy, for purposes of the Texas Act. See, Deal v. State Farm County Mut. Ins. Co. of Texas, 5 F.3d 117, 119 (5th Cir. 1993). In fact, Cactus wrote a letter to Leek's employer complaining of Leek's conduct. See, Opposition brief, tab 6, exhibit 8. This type of response to Herrera's complaint, especially when coupled with Cactus' offer to transfer Herrera to another rig, has been recognized as appropriate. See, e.g., Magnuson v. Peak Technical Services, Inc., 803 F. Supp. 500, 512-13 (E.D. Va. 1992).

[4]In his opposition brief, Herrera states, without evidentiary support, that after he complained about the Hall brothers, the harassment got worse. Opposition brief, at 14. To the contrary, Herrera, in his deposition, said that the Hall brothers were moved to the other side of the rig and no further harassment occurred. See, Cactus' previously filed Appendix, at exhibit 21, p. 49 [lines 19-23]; p. 53 [lines 16-21].

-2-

incident]. The two others were one-time incidents [Elvick and Dean].

3.    Herrera was offered a lateral transfer to a new rig in Texas, staffed by a crew completely different from the crew on rig 19. Herrera failed to report to the new rig, understanding that such failure would be deemed an abandonment of his employment with Cactus.

4.    Herrera understood that his signing the acknowledgment form was not a condition to his lateral transfer.

5.    Herrera was the only Cactus employee also engaged as an independent contractor.[5]

## ARGUMENT

### Summary of Argument

The legal authority cited by Cactus relevant to each of Herrera's challenged claims remains undisputed. As noted above, the critical facts are also undisputed. Thus, summary judgment should be granted, for, as noted by the Fifth Circuit, summary judgment, "when appropriate, affords a merciful end to litigation that would

---

[5]Herrera attempts, at p. 12, to use hearsay testimony to create a fact issue. Hearsay testimony, being inadmissible at trial, cannot be used in opposition to a summary judgment motion. Pan Islamic Trade Corp. v. Exxon Corp., 632 F.2d 539, 556 (5th Cir. 1980), cert. denied, 454 U.S. 927, 102 S.Ct. 427; Redd v. Fisher Controls, 814 F. Supp. 547, 550 (W.D. Tex. 1992), aff'd, 35 F.3d 561 (5th Cir. 1994).

otherwise be lengthy and expensive." <u>Fontenot v. Upjohn Co.</u>, 780 F.2d 1190, 1197 (5th Cir. 1986).


**Each Claim is, as a matter of law, without merit.**

Each of Herrara's four claims addressed in the Motion are without merit as a matter of law.

1.   <u>the welding claim</u>: Cactus has set forth a legitimate, non-discriminatory basis for terminating Herrera's welding opportunities: the creation of a conflict of interest between Herrera acting as an employee and acting as an independent contractor, often at the same time. While belittling Cactus' explanation, Herrera does not dispute that Cactus' burden of production, that is, its explanation for the action, is "extremely light." <u>Thornton v. Neiman Marcus</u>, 850 F. Supp. 538, 543 (N.D. Tex. 1994). More importantly, as noted previously [<u>supra</u>, fn. 5], Herrera has offered no admissible evidence that the explanation was pretextual.

2.   <u>hostile work environment</u>: As Herrera notes, context is important. Opposition brief, at 11. Thus,

> In same-sex (as in all) harassment cases, that inquiry requires careful consideration of the social context in which particular behavior occurs and is experienced by its target. . . . The real social impact of workplace behavior often depends on a constellation of surrounding

-4-

> circumstances, expectations, and
> relationships which are not fully
> captured by a simple recitation of
> the words used or the physical acts
> performed. Common sense, and an
> appropriate sensitivity to social
> context, will enable courts and
> juries to distinguish between simple
> teasing or roughhousing among
> members of the same sex, and conduct
> which a reasonable person in
> plaintiff's position would find
> severely hostile or abusive.

Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75,

81-82, 118 S.Ct. 998 (1998). In this case, the Court is

confronted with only verbal comments, most of which are

mere profanity.[6] No physical acts are alleged. Further,

the site is an oil rig, not an office.[7] Herrera fails to

cite even one case in support of his claim, nor does he

even attempt to distinguish any of the numerous analogous

cases cited by Cactus finding as a matter of law no

hostile environment. Under the undisputed facts, what is

alleged is mere "teasing", isolated comments and offhand

---

[6]Profanity by itself is insufficient to establish a hostile environment. See, e.g., Villarruel v. Gary Community School Corp., 28 Fed. Appx. 564, 567-68 (7th Cir. 2002) (Exh. 3 in the Reply Appendix) (yelling and profanity insufficient); Polly & Houston Lighting & Power Co., 825 F. Supp. 135, 138 (S.D. Tex. 1993) (per Werlein, J.) (use of profanity by co-workers insufficient); Moore v. N & W Ry. Co., 55 FEP 226, 230-1 (D. Kan. 1990) (exhibit 13 in Cactus' Appendix original) (yelling and hollering, calling employee dumb and stupid and use of profane language insufficient).

[7]See, Gross v. Burggraf Construction Co., 53 F.3d 1531, 1537-38 (10th Cir. 1995) (evaluating use of profanity and vulgarity in context of workplace—construction work).

remarks, which, as a matter of law, "will not amount to discriminatory changes in the 'terms and conditions of employment.'" <u>Shepherd v. Comptroller</u>, 168 F.3d 871, 874 (5th Cir. 1999). Clearly, the actions alleged are not so extreme "as to amount to a change in terms and conditions of employment." <u>Faragher v. Boca Raton</u>, 524 U.S. 775, 118 S. Ct. 2275, 2284 (1998).

3.   <u>retaliation</u>: Once again, Herrera fails to cite any cases where a court has held that a lateral transfer constituted an act of retaliation. The undisputed evidence establishes that the lateral transfer offered, to a rig in Texas, was not an act of retaliation, but was an act of accommodation taken to eliminate even the possibility of harassment.[8]

4.   <u>constructive discharge</u>: The most Herrera can do is to list some eleven factors that this Court should consider. Assuming <u>arguendo</u> that each of the factors are both relevant and factually established,[9] collectively, these

_____

[8]The other concrete act of retaliation alleged, the acknowledgment letter, cannot be retaliation, as it did not constitute an adverse employment action. <u>See</u>, Cactus Motion, p. 18, fn. 17. Herrera does not cite any case law, nor make any cogent argument, suggesting that the letter could qualify as an adverse employment action.

[9]For example, as noted <u>supra</u>, fn. 5, there is no evidence supporting the argument that Herrera was denied further welding opportunities because of his Indian status. Neither is there any evidence that Cactus conducted a self-serving sham of an

-6-

random "facts", as a matter of law, cannot establish the essential prerequisite for constructive discharge, that Cactus "deliberately [made] an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." Pittman v. Hattiesburg Municipal Separate School District, 644 F.2d 1071, 1077 (5th Cir. 1981). In assessing the evidence, the Court should consider that part of Herrera's obligation as a Cactus employee was not to assume the worst or to jump to conclusions too fast. Webb v. Cardiothoracic Surgery Associates of North Texas, N.A., 139 F.3d 532, 539 (5th Cir. 1998). Indeed, the summary judgment evidence establishes that each time Herrara complained, Cactus took prompt remedial action, once it learned of Herrera's complaints. In addition to removing the Hall brothers from any further contact with Herrera, Cactus reprimanded Elvick, wrote a letter of complaint to Leek's employer and offered to transfer Herrera to a rig where he would have no contact with any of the employees with whom he worked on rig 19. "This factor alone is fatal to [Herrera's] claim of constructive discharge." Id., 139 F.3d at 539-40, referring to Dornhecker v. Malibu Grand

---

investigation. Indeed, Cactus reprimanded Elvick, see, Herrara appendix, tab 6, exhibit 7, and complained to Mr. Leek's employer. See, Herrera appendix, tab 6, exhibit 8.

Prix Corp., 828 F.2d 307, 310 (5th Cir. 1987). Morever,
Herrara's subjective belief that he could no longer trust
Cactus, without showing a reasonable basis therefor, is
insufficient to revive his claim that he was
constructively discharged. Id., 139 F.3d at 540.[10]

## CONCLUSION

Herrara has failed to raise any issues of material fact on the
four claims addressed by the Motion. This Court should therefore
grant Cactus summary judgment on these four claims.

Respectfully submitted,

Deirdre O. Dexter, OBA# #10780
Attorney in Charge
Frederic Dorwart, OBA# #2436
J. Michael Medina, OBA #6113
Associated Counsel
124 East Fourth Street
Old City Hall
Tulsa, Oklahoma  74103
(918) 583-9922 (telephone)
(918) 584-2729 (facsimile)

Tom M. Kirkendall
State Bar #11517300
S.D. Tex Bar # 02287
65 Hollymead Drive
The Woodlands, TX
(281) 364-9946 (telephone)
(888) 582-0646
Associated Counsel

---

[10]See also, Junior v. Texaco, Inc., 688 F.2d 377, 380 (6th Cir.
1982) (employee's subjective belief that poor performance
evaluation meant he would soon be discharged was not sufficient to
support constructive discharge claim where no one had told him or
suggested to him that he would be fired).

-8-

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on January _6_ , 2004, a true and correct copy of the above and foregoing document was mailed, with proper postage prepaid thereon, to:

Barry R. Benton
284 Ebony Avenue
Brownsville, Texas  78520

Deirdre O. Dexter

-9-