United States District Court
Southern District of Texas
FILED

JAN 2 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

PAUL HERRERA, )
 )
    Plaintiff, )
 ) Civil Case No. B-03-019
v. ) Judge Tagle
 )
CACTUS DRILLING COMPANY )
and UNIT CORPORATION, )
 )
    Defendants. )

## DEFENDANTS' MOTION IN LIMINE AND BRIEF IN SUPPORT

Come now Defendants Cactus Drilling Company and Unit Corporation[1] and move the Court to limit or exclude the following evidence at the trial of this cause, for the reasons set forth below.

1.    Evidence concerning Plaintiff's failure to promote claim which occurred prior to October 20, 2001, should be excluded. The complaints involve discrete acts of discrimination and, therefore, such evidence is barred by the statute of limitations. See Texas Human Rights Commission Act, Tex. Lab. Code §21.202.

Plaintiff has obtained discovery relating to the hiring or promotion of individuals into the tool pusher position on Rig 19 (the rig to which Plaintiff was assigned) and Rigs 9 and 16 operated by Defendant Cactus Drilling Company (hereinafter "CDC"). Based on the hiring information maintained by CDC and provided to Plaintiff during discovery, only two individuals were hired as a tool pusher during the 180-day period prior to the filing of Plaintiff's charge of discrimination with

---

[1] While Cactus Drilling Company is the only proper defendant in this action, all papers will be filed on behalf of both defendants until such time as Unit Corporation is dismissed from this action.

the Texas Human Rights Commission. Therefore, Plaintiff should be prohibited from introducing evidence related to any other individuals who were hired or promoted to tool pusher as those decisions were made prior to October 20, 2001. See, e.g., Pope v. MCI Telecommunications Corporation, 937 F.2d 258, 263 (5th Cir. 1991) (claims filed 217 days after Plaintiff first knew about the alleged discrimination and retaliatory denial of promotion were time barred because a charge of discrimination must be filed within 180 days after the alleged unlawful employment practice occurred, noting that the statute specifically provides that "untimely complaints *shall be dismissed by the commission*"); Cooper-Day v. RME Petroleum Co., 121 S.W.3d 78, 83 (Tex. App. – Ft. Worth 2003 reh. over.) (Texas law requires that a complaint of unlawful employment practices be filed with the Texas Commission on Human Rights within 180 days after the alleged unlawful employment practice occurred; this time limit is mandatory and jurisdictional – failure to timely file an administrative complaint deprives Texas trial courts of subject matter jurisdiction); Celestine v. Petroleos De Venezuella SA, 266 F.3d 343, 352 (5th Cir. 2001) (failure to promote claims, even though they spanned over a period of time, were barred when no charge of discrimination was filed within 180 days because a failure to promote is the sort of discrete and salient event that should put the employee on notice that a cause of action has accrued).

    2.    Evidence comparing the race of all tool pushers hired by CDC should be barred as legally irrelevant and unreliable. During the course of discovery, Plaintiff has sought discovery relating to a number of tool pushers hired during the time that CDC was in operation (approximately May 2000 to August 15, 2002). Plaintiff's counsel has advised that he intends to offer evidence during the trial relating to the race of the tool pushers and the fact that the majority of tool pushers hired or promoted by CDC were Caucasian rather than Native American. Plaintiff's counsel has

elicited testimony during the course of discovery that at its peak, CDC was operating approximately 20 rigs and that there were 2 tool pushers on each rig and has indicated his intent to argue that the jury should infer from the fact that CDC had approximately 40 tool pushers at times during its operation and that none of these tool pushers were Native American that CDC was intentionally discriminating against Plaintiff because of his race, Native American, by failing to promote him to tool pusher.

The Court should prohibit Plaintiff's counsel from making these arguments and requesting the jury to make these inferences. The "evidence" upon which Plaintiff's counsel seeks to rely is nothing more than an attempt to introduce invalid and unreliable statistical information and, therefore, such evidence should be excluded. See, e.g., Carter v. Ball, 33 F.3d 450, 456 (4th Cir. 1994) (in order for statistical evidence to be useful in a hiring or promotion case, the appropriate comparison is between the percentage of minority employees and the percentage of potential minority applicants in the qualified labor pool; the mere absence of minority employees in upper-level positions does not suffice to prove a *prima facie* case of discrimination without comparison to the relevant labor pool; the plaintiff cannot avoid the obligation to demonstrate the existence of qualified minorities in the relevant labor pool by pointing to his own qualifications or by directing the court's focus to absence of minorities in a particular position); Stone v. Galaxy Carpet Mills, Inc., 841 F. Supp. 1181, 1188 (N.D. Ga. 1993) (Court rejected the plaintiff's evidence of the absence of any women in the defendant's upper management noting that statistics without any analytical foundation are virtually meaningless; to be useful, the evidence must take into consideration how many women have applied and failed as compared to the success rate of equally qualified men).

3. The Court should exclude testimony relating to the independent contractors hired to perform welding to the independent contractors hired to perform welding services because that information is legally irrelevant and unreliable.

Plaintiff has testified that he was denied welding opportunities because of his race and asserts that after he stopped welding the only individuals hired as independent contractors to weld for CDC were Caucasian. Plaintiff's counsel has indicated his intent to present such evidence and argue that the jury should infer therefrom that Plaintiff was being discriminated against on account of his race and, also, that CDC's legitimate, non-discriminatory reason for its action, that Plaintiff working as an employee and also working as an independent contractor was a conflict of interest is nothing more than a pretext for discrimination.

The Court should prohibit Plaintiff's counsel from making these arguments and requesting the jury to make these inferences. The "evidence" upon which Plaintiff's counsel seeks to rely is nothing more than an attempt to introduce invalid and unreliable statistical information and, therefore, such evidence should be excluded. See, e.g., Carter v. Ball, 33 F.3d 450, 456 (4th Cir. 1994); Stone v. Galaxy Carpet Mills, Inc., 841 F. Supp. 1181, 1188 (N.D. Ga. 1993).

4. Stray remarks and statements unrelated to the decisional process should be excluded as legally irrelevant. It is anticipated that Plaintiff will seek to introduce, in support of his claim that he was discriminated against because of his race, the following alleged discriminatory remarks:

 a. Verbal remarks by two brothers, Robert and Donny Hall, who were Plaintiff's subordinates that Plaintiff was a " pretty, long-haired bitch" and a "motherfucking Indian" and their conduct in "flipping him off."

 b. A joke told by an unidentified co-worker that involved a Native American.

      c.     Verbal, non-racial profanity by Larry Elvick, Plaintiff's supervisor and the person responsible for making recommendations for promotion to tool pusher.

      d.     Verbal, non-racial profanity by Jack Dean, Plaintiff's immediate supervisor, who was not involved in the decisional process.

      e.     Verbal, non-racial profanity and one instance of a racial remark ("damn Indian") by Donnie Leek, who was not a CDC employee and was not involved in the decisional process.

The verbal remarks by the Hall brothers were made by employees who were subordinates of Plaintiff and not involved in the decisional process. Moreover, only one comment attributed to the Hall brothers refers to Plaintiff's race. The other comment and the non-verbal act complained of are racially neutral. Clearly these stray remarks, made by non-decisionmakers should be excluded. Stone v. Galaxy Carpet Mills, Inc., 841 F.Supp. 1181, 1185 (N.D. Ga. 1993), referring to Carter v. City of Miami, 870 F.2d 578, 582 (11th Cir. 1989) (racially neutral comments from which an employer infers discriminatory intent are not direct evidence of discrimination); Price Waterhouse v. Hopkins, 490 U.S. 228, 277, 109 S.Ct. 1775, 1804 (1989) (O'Connor, J., concurring in judgment) and at 251, 109 S. Ct. At 1791 (plurality opinion); E.E.O.C. v. Alton Pkg. Corp., 901 F.2d 920, 924 (11th Cir. 1990) (stray remarks in the workplace, remarks by non-decisionmakers unrelated to the decisional process are not direct evidence of discrimination).

In addition, this evidence, particularly the racially neutral obscenity, should be excluded. Bennet v. Cinemark U.S.A., Inc., __F.Supp.2d__, 2003 WL 22966117 (W.D.N.Y.) (evidence of insensitive, profane and vulgar language is insufficient to make a claim for discrimination);

Bickerstaff v. Vassar College, 196 F.3d 435, 452 (2nd Cir. 1999), citing Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81, 118 S.Ct. 998 (1998) (Title VII is not a general civility code).

Likewise, the joke told by a co-worker and the one remark by a non-employee which included reference to an Indian, are simply stray remarks, made by non-decisionmakers. For the reasons set forth above, these stray remarks should be excluded.

As for the non-racial profanity Plaintiff refers to, this evidence is irrelevant. As recognized by the United States Supreme Court in Oncale v. Sundowners Offshore Servs., Inc., 523 U.S. 75, 81, 118 S.Ct. 998 (1998), the employment discrimination laws are not intended to create a general civility code. Thus, evidence relating to general obscenity, profanity and/or vulgar language should be excluded. See also Kelly v. Boeing Petroleum Services, Inc., 61 F.3d 350, 357-58 (5th Cir. 1995) (testimony about random remarks and acts properly excluded where they concerned matters unrelated to the handicap or disability discrimination that formed the basis for the plaintiff's claims).

5.  Hearsay statements relating to Plaintiff's claims are impermissible and should be excluded.

   a.  CDC anticipates that Plaintiff will seek to introduce hearsay statements as evidence that other CDC employees were permitted to perform services for CDC as independent contractors. Specifically, Plaintiff has testified that he was told by a non-CDC employee and possibly by a CDC co-worker of other individuals who were purportedly employed by CDC while at the same time working as independent contractors performing services for CDC. Such evidence is improper hearsay, pursuant to Fed. R. Evid. 801, is not the subject of a proper exception to the hearsay rule, and should be excluded pursuant to Fed. R. Evid. 802.

b. During discovery in this case, Plaintiff's counsel has elicited testimony from witnesses regarding statements made to them by Plaintiff relating to his claims. However, statements made by Plaintiff regarding his claims and allegations, other than while testifying at trial, are hearsay pursuant to Fed. R. Evid. 801. Those statements only become admissible if introduced as inconsistent statements pursuant to Fed. R. Evid. 801(d)(1) or are introduced as statements which are consistent with Plaintiff's testimony at trial and are offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive pursuant to Fed. R. Evid. 801(d)(2). There has been no effort by CDC during discovery in this case to introduce evidence showing that Plaintiff is guilty of recent fabrication or improper influence or motive. Therefore, Plaintiff should be precluded from introducing testimony regarding statements made by Plaintiff until such time as testimony of recent fabrication or improper influence or motive is introduced at trial, if at all.

c. Plaintiff's counsel has elicited testimony regarding racially derogatory statements allegedly made in front of the testifying witness, but which were not made in front of or directed to Plaintiff. Such statements are impermissible hearsay and should be excluded pursuant to Fed. R. Evid. 802. Moreover, such statements are not relevant for purposes of Plaintiff's claims against Defendants as Plaintiff was neither present for nor privy to those statements. To permit introduction of these statements, even if marginally relevant, would result in prejudice to Defendants and would confuse the jury. Therefore, such statements should be excluded pursuant to Fed. R. Evid. 401 and 403. See, e.g. Bennette v. Cinemark U.S.A., Inc., __F.Supp.2d__ 2003 WL 22966117 *7 (W.D.N.Y.).

6. Evidence of remarks unrelated to Plaintiff's claim should be excluded. CDC anticipates that Plaintiff will attempt to introduce testimony that Jack Dean, Plaintiff's immediate supervisor, tried to convince Plaintiff to dismiss his charge of discrimination and had used the word "nigger" in talking about a charge of discrimination filed against another company where Dean had been employed. This evidence has no bearing on the issues involved in Plaintiff's claims against CDC and, therefore, is not relevant and should be excluded pursuant to Fed. R. Evid. 401 and 402. Moreover, even if the evidence has some marginal relevance, the statement ascribed to Dean is so inflammatory and so objectionable that to allow this testimony will be highly prejudicial and should be excluded pursuant to Fed. R. Evid. 403. See Kelly v. Boeing Petroleum Services, Inc., 61 F.3d 350, 357-58 (5th Cir. 1995).

7. Improper character evidence should be excluded. During the course of discovery, Plaintiff's counsel has elicited testimony from witnesses regarding allegations that Larry Elvick and Donnie Leek would leave the drilling rig and go into town drinking when they were supposed to be on duty. CDC anticipates that Plaintiff's counsel will seek to introduce this testimony at trial. However, introduction of this evidence at trial is inadmissible character evidence which would violate Fed. R. Evid. 404(a), or in the alternative, is not relevant to any of Plaintiff's claims in this action and, in fact, would be highly prejudicial such that its prejudicial impact would greatly outweigh any probative value and, therefore, should be excluded pursuant to Fed. R. Evid. 401 and/or 403.

8. Opinions or speculation regarding supervisors' attitudes are irrelevant and should be excluded. During discovery, Plaintiff elicited testimony regarding witnesses' opinions that Larry Elvick was bigoted or a racist. However, the record has no factually supported instances of

statements, comments or evidence of bias against Native Americans or against Plaintiff because he is Native American on the part of Elvick.[2] Therefore, the opinions and speculations regarding Larry Elvick should be excluded. Stone v. Galaxy Carpet Mills, Inc., 841 F.Supp. 1181, 1188 (N.D. Ga. 1993) (referring to Feazell v. Tropicana Products, Inc., 819 F.2d 1036, 1041 (11th Cir. 1987).

9. Complaints by a co-worker regarding the investigation into Plaintiff's charge of discrimination are irrelevant and should be excluded. In response to Defendants' Motion for Summary Judgment, Plaintiff refers to complaints made by a co-worker relating to the manner in which Gwen Johnson conducted that co-worker's interview during the investigation of Plaintiff's complaints. These complaints have nothing to do with any claim asserted by Plaintiff against Defendants and do not involve any allegations or complaints about racial discrimination. The only purpose to be served by introduction of this evidence is to attempt to improperly influence the jury against Ms. Johnson and thereby prejudice CDC and the investigation conducted by it relating to Plaintiff's claims. This evidence is not relevant and should be excluded pursuant to Fed. R. Evid. 401 or, if potentially probative, its probative value is so outweighed by the prejudicial nature of the evidence that it should be excluded pursuant to Fed. R. Evid. 403.

## Conclusion

Defendants respectfully request that Plaintiff and his counsel be precluded from using any pleadings, testimony, remarks, innuendo, questions or arguments, which might inform the jury of the evidence set forth above. Were any of the above facts made known to the jury, it would be highly improper and prejudicial to Defendants. Even if the Court were to sustain an objection and instruct

---

[2] While Elvick was not the actual decisionmaker, he did make recommendations to Tim Higgins regarding hiring and promoting employees as tool pushers.

9

a jury not to consider such facts for any purpose, there is every likelihood that the minds of jurors would be improperly influenced..

Therefore, Defendants respectfully request that the Court (a) instruct the Plaintiff and his counsel not to mention, refer to, interrogate concerning, or attempt to convey to the jury in any manner, either directly or indirectly, any of the facts or allegations set forth herein, without first obtaining permission of the Court outside the presence and hearing of the jury, (b) instruct the Plaintiff and his counsel not to make any reference to the filing of this motion in limine or the Court's ruling thereon, (c) rule that the evidence is presumptively inadmissible, and (d) order any and all other relief that the Court deems just and equitable.

Respectfully submitted,

_____
Deirdre O. Dexter, Okla. Bar Ass'n #10780
Attorney in Charge
Frederic Dorwart, Okla. Bar Ass'n #2436
J. Michael Medina, Okla. Bar Ass'n #6113
Associated Counsel
124 East Fourth Street
Old City Hall
Tulsa, Oklahoma 74103
(918) 583-9922 (telephone)
(918) 584-2729 (facsimile)

– and –

Tom M. Kirkendall
State Bar #11517300
S.D. Tex Bar # 02287
65 Hollymead Drive
The Woodlands, TX
(281) 364-9946 (telephone)
(888) 582-0646
Associated Counsel

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 27, 2004, a true and correct copy of the above and foregoing Defendants' Motion in Limine and Brief in Support was served by U.S. mail, with proper postage prepaid thereon, to:

>Barry R. Benton
>284 Ebony Avenue
>Brownsville, Texas 78520

_____
Deirdre O. Dexter